# In the United States Court of Federal Claims

No. 16-1633L
(Filed: April 6, 2020)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WILLIAM O BANKS, et al., | |
| Plaintiffs, | Rails-to-trails; Fifth Amendment takings; Motion to Intervene by former law firm; RCFC 24; Duty of Loyalty; Former law firm's interests are adequately represented. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

Pending in this rails-to-trials takings action is a motion to intervene brought by the law firm of Arent Fox, which previously represented the plaintiffs. The plaintiffs are now split in their representation between two different attorneys, formerly of Arent Fox. The firm seeks to intervene under Rule 24 to "protect its property interest in its fees and expenses incurred in successfully representing the plaintiffs." Mot. to Intervene 1 (ECF No. 89). Defendant opposes the motion; the plaintiffs do not. The motion is fully briefed, and oral argument was held telephonically on April 1, 2020. As announced at the conclusion, because Arent Fox's interests are adequately represented without intervention, the motion is denied.

Liability for the taking was determined in our opinion of May 17, 2018. *Banks v. United States*, 138 Fed. Cl. 141 (2018). The parties have since undertaken an effort to settle the matter. They have represented to the court in periodic status reports that they have reached agreement on the value of the property taken. All that remains is to reach agreement on the amount of attorney fees and costs to be included in the settlement amount.[1]

---

[1] The Uniform Relocation Assistance and Real Property Acquisition Polices Act ("URA") mandates that the court award, or the Attorney General include

Resolution of that issue has reportedly been delayed, at least according to defendant, by the representation issues arising from the change of firm and, for two of the plaintiffs, change of attorney of record.[2]  On January 15, 2020, Arent Fox filed a notice of Attorney's Lien (ECF No. 85) against any recovery by plaintiffs or award of fees and costs in order to protect its right to payment for legal services previously rendered.  Arent Fox now expresses concern that Ms. Brinton may compromise her client's award of fees to incentivize settlement and more quickly get her clients paid.  Thus the present motion.

Arent Fox has no such concern with Mr. Hearne because they have agreed previously that he would represent Arent Fox's interest in recovering the fees owed to it for the work performed by attorneys at that firm.  And, as the firm cites in its papers, Mr. Hearne owes a continuing duty of loyalty "'with regards to matters arising and events occurring before the partner's disassociation.'" *Diamond v. Hogan Lovells US LLP*, No. 18-SP-218, 2020 WL 717809, at*10 (D.C. Feb. 13, 2020) (quoting D.C. Code § 29-606.3 (2013)).

Arent Fox argues that intervention is proper because it has a vested property interest in the award to plaintiffs under DC law.  The obligation to pay for work performed was contingent on winning the case.  If the plaintiffs recovered, Arent Fox was to be paid the larger of 1) a percentage of the ultimate recovery or 2) the amount awarded by the court for fees and expenses.  Because its being paid was contingent on the plaintiffs receiving an award or settlement, Arent Fox argues that it has a property interest in any judgment or settlement achieved by the plaintiffs.

---

in a settlement, for taking of property by a Federal agency, "such sum as will . . . reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding." 42 U.S.C. § 4654(c) (2012).

[2] By order of April 26, 2019, we granted the motion on behalf of the plaintiff, Mr. Banks, to substitute Ms. Brinton as his counsel.  We denied a separate motion as to the plaintiff, Mr. Carney, because the ownership his parcel is alleged to be joint with his ex-wife and co-plaintiff, Dixie Flynn.  Ms. Flynn remains represented by Mr. Hearne.  A third plaintiff, Mr. Oliva, has since switched counsel to Ms. Brinton as well.

2

All of the present parties aver that they share the same interest in coming to resolution and getting the plaintiff landowners paid. The government shares that goal because interest is running on the underlying value of the taken property. Defendant opposes the intervention, however, because it feels it is being dragged into another collateral dispute between former and current counsel. It argues that the firm fails to satisfy the requirements of Rule 24 and points out that the firm neither cited which provision it was moving under (either mandatory or permissive intervention) nor attached a proposed pleading as required by the rule.

Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC") states in section (a) that the court must permit intervention "on [a] timely motion" brought by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a) (2019). Permissive intervention is proper when the person or entity seeking intervention "has a claim or defense that shares with the main action a common question of law or fact." *Id.* § (b)(1)(B). Plainly the law firm does not share a claim or defense with the plaintiffs or the government that has a common question of law or fact. It neither owns any property alleged to have been taken nor has participated in the taking of it.

The law firm thus must show that it has "an interest relating to the property or transaction that is the subject of the action" and that the disposition of the matter without its input may prevent it from protecting that interest. RCFC 24(a). The firm cites several DC cases for the proposition that a contingency fee arrangement creates a property interest for the attorney in a monetary judgment. *See, e.g.*, *Cont'l Cas. Co. v. Kelly*, 106 F.2d 841, 843-44 (D.C. Cir. 1939); *Kellog v. Winchell*, 273 F. 745, 747-48 (D.C. Cir. 1921). Because Ms. Brinton owes it no duty of loyalty or care, the firm believes this property interest may be compromised to its detriment by her clients.

We find that Arent Fox has established a property interest resulting from its fee arrangement with its former clients. The law is clear enough on that point. We note, however, that none of the cases on which it relies have then applied RCFC 24 and come to the conclusion that counsel may intervene to protect that interest in the Court of Federal Claims. We need not reach

that question, however, because we believe it is unnecessary for Arent Fox to intervene in this action because its interests are adequately protected.

Mr. Hearne owes a duty of loyalty and care to Arent Fox as a former partner in the law firm, organized as a partnership under DC law, to ensure that the firm be able to collect fees for work performed while Mr. Hearne was still a partner there, which we note is presumably the bulk of the hours expended (prior to the court's liability determination).  D.C. Code §§ 29-604.7(b), 606.3(b)(3).  Ms. Brinton, although owing no duty of loyalty under partnership law, represents the interests of her clients in not breaching their agreement to pay Arent Fox for the work it performed.  Any compromise that would seriously impair the firm's ability to be adequately reimbursed for its work would likely open the plaintiffs to liability for breach of contract or liability to reimburse the firm in *quantum meruit*.  We have no doubt, as buttressed by Ms. Brinton's representations at oral argument, that she will zealously and with care represent her clients so as to avoid that possibility.[3]

We thus conclude that the "existing parties adequately represent [Arent Fox's] interest" in getting paid for its work on the case.  RCFC (a)(2).  Accordingly, the motion to intervene (ECF No. 89) is denied.  The parties are directed to file a joint status report regarding their efforts to settle this matter on or before May 1, 2020.

s/ Eric G. Bruggink
ERIC G. BRUIGGINK
Senior Judge

---

[3] And we note, although she thought it unnecessary, Ms. Brinton and her clients did not oppose intervention by Arent Fox, which indicates to the court that they have no interest in settling to the detriment of her former employer.